## CAROLINE A. G. STOCKBRIDGE *vs.* WALES R. STOCKBRIDGE & others.

T. conveyed land to C., wife of W., "for and during her natural life, and from and after her decease to the persons who would then be the heirs at law of W. if he had then died intestate;" but "upon the trusts and with the powers following:" that C., at any time during the life of W., might, with his consent in writing and under seal, "sell and convey the granted premises, or any part or parts thereof, in fee simple or for any less estate," "the net proceeds of all such sales to be reinvested and held on the same trusts and way as the property so sold," and her deed, with the consent of W., should "cut off the rights of said remaindermen in the granted premises as fully and effectually as if such remainder had not been hereby created and the absolute estate in fee simple had been hereby granted to said C." *Held,* that C. took the fee of the land, in trust; that her own deed, with the concurrence of her husband in the manner provided, would be sufficient to convey the whole title; that no title remained in T.; that the beneficial interest of C. was the use during her life; that, in event of a sale by her, if the reinvestment should be made in real estate, the trust should be fully declared; and that the trust applied to the whole estate conveyed by T., and did not authorize the sale of the interest in remainder and reinvestment of the proceeds thereof separately from the estate in possession.

BILL IN EQUITY by Caroline A. G., wife of Wales R. Stockbridge to obtain the direction of the court as to the execution of trusts raised by the deed of Charlotte L. Tuttle in her own right, and Gilman Tuttle, her husband, who joined in token

of his assent, conveying to said Caroline land in Boston on
January 1, 1866. A copy of the deed was annexed to the bill,
and recited that the grantors, in consideration of $11,700 paid
by said Caroline " out of moneys held by her to her sole and
separate use free from the interference and control of her hus-
band," sold and conveyed to her " for and during the term of her
natural life, and from and after her decease to the persons who
would then be the heirs at law of said Wales R. Stockbridge,
if he had then died intestate," the granted premises, " to have
and to hold the above granted premises, with all the privileges
and appurtenances thereto belonging, to the said Caroline for
and during the term of her natural life, and from and after her
decease to the persons who would then be the heirs at law of
said Wales R., if he had then died intestate, and their heirs and
assigns forever. But this conveyance is, however, made upon
the trusts and with the powers following, namely : The said
Caroline, at any time during the life of said Wales R., and with
his concurrence testified in writing under his hand and seal, may
sell and convey the granted premises, or any part or parts there-
of, in fee simple or for any less estate, at public or private sale,
at such time or times, to such person or persons, and for such
consideration, as may seem to her judicious, without the neces-
sity of applying to any court for leave so to do : the net pro-
ceeds of all such sales to be reinvested and held on the same
trusts and way as the property so sold ; and no purchaser from
said Caroline shall in any possible event be bound to see to the
application of the purchase money ; but the deed of said Caro-
line, with the consent in writing of said Wales R., shall effect-
ually, to all intents and purposes, and entirely, cut off the rights
of said remaindermen in the granted premises as fully and
effectually as if such remainder had not been hereby created,
and the absolute estate in fee simple had been hereby granted
to said Caroline."

The bill set forth that, at the date of the filing of the same,
said Wales R. was still living, and his heirs at law were his
children Arthur, Margaret and Wales J.; that an offer had been
made for the purchase of the real estate, which in the opinion

of the plaintiff it would be expedient to accept; and prayed for instructions on the following points:

"1. Whether the said deed conveyed to the plaintiff the fee in the premises aforesaid, or only a technical life estate, or what estate was granted to her. 2. Whether her deed in her own name with the concurrence of her said husband, testified in writing under his hand and seal, would be effectual to pass the entire fee in said premises. 3. Whether a deed in the name of said Charlotte L. Tuttle and Gilman Tuttle, or either of them, executed by the plaintiff with or without the concurrence of the said Wales R. Stockbridge, would be sufficient or requisite to a legal conveyance of said premises. 4. Whether the said deed to the plaintiff conveys to her any, and, if any, what, beneficial interest, or whether the whole estate granted by said deed is an estate in trust. 5. Whether the reinvestment of the purchase money, in case said premises shall be sold, shall be in real estate upon a declared trust; or, 6. Whether the plaintiff may invest the same or any part thereof in her own name."

Wales R. Stockbridge and his children, and Mr. and Mrs. Tuttle were made parties to the bill, and filed answers admitting the allegations of the plaintiff; and the case was reserved by *Gray*, J., on the bill and answers, for the determination of the full court.

*J. P. Converse*, for the plaintiff, was alone called upon.

*D. P. Kimball*, for the children of Wales R.

*A. R. Brown*, for Mr. and Mrs. Tuttle.

WELLS, J. The deed from Tuttle and wife to the plaintiff, by its words of grant and the *habendum*, purports to convey a life estate to Mrs. Stockbridge, with remainder over in fee. But the grantees of the remainder are not so designated as to be at present ascertainable. There is no person, and no class of persons, to whom the description will apply. There can be no such person or class until the termination of the life interest of Mrs. Stockbridge. The deed therefore, by its direct terms, canno⁺ operate as a present conveyance of the fee; not even a contingent interest in the remainder will pass by such uncertain designation of the intended grantees.

A subsequent clause contains a power to " sell and convey the granted premises or any part or parts thereof, in fee simple or for any less estate," with a declaration of trusts, for the execution of which the power seems to be given. Mrs. Stockbridge has unlimited discretion as to the time and mode of exercising the power, during the lifetime of her husband, subject only to his approval and consent; and her deed, with such consent in writing, is to be effectual " to cut off the rights of said remaindermen " as fully as if " the absolute estate in fee simple had been hereby granted to said Caroline." The proceeds of all such sales are " to be reinvested and held on the same trusts and way as the property so sold." This trust seems to require and to imply a fee in Mrs. Stockbridge.

Construing the whole instrument together, the court are of opinion that its effect is to give to Mrs. Stockbridge the whole title in the lands, to hold in trust, first, for her own use during life ; second, for the use of such persons as, at her decease, shall stand in the relation which would make them heirs of Wales R. Stockbridge if he should decease at the same time. When that time arrives, the persons embraced in that designation can be ascertained, and the remainder in fee absolute will then vest in them. Upon this interpretation of the deed, the instructions to be given, in answer to the several questions raised by the plaintiff, are : 1. The deed to Mrs. Stockbridge conveyed to her the fee of the land, in trust. 2. Her own deed, with the concurrence of her husband, as directed, will be effectual to pass the entire title. 3. Mrs. Tuttle has no remaining title to convey. 4. The beneficial interest of Mrs. Stockbridge is the use during her life. 5. The reinvestment should be made with the usual precautions and in the usual manner of investing trust funds. If made in real estate, the trust should be fully declared. 6. The trust applies to the entire estate, and does not authorize the sale of the interest in remainder and reinvestment of the proceeds separately from the estate in possession.

*Decree accordingly.*